UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IYASSU SMALL,               )<br>                             )<br>         Plaintiff      )<br>                             )<br>v.                           )<br>                             )<br>MAINE COMMITTEE ON JUDICIAL  )<br>RESPONSIBILITY DISABILITY, et al.,)<br>                             )<br>         Defendants     ) | 2:21-cv-00333-JDL |

**RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT AND ORDER ON PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff, an inmate at the Cumberland County Jail, commenced this action against several defendants, including the Commissioner of the Maine Department of Corrections and a state court judge. (Complaint, ECF No. 1.)

Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

After a review pursuant to 28 U.S.C. § 1915A, I recommend the Court dismiss Plaintiff's complaint.

**DISCUSSION**

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and

1

officers. *See* 28 U.S.C. § 1915A(a), (c).  The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14).  Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).  *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

Here, Plaintiff seeks to hold the defendants "accountable for their misconduct," but he alleges no facts that would support an actionable claim against any of the defendants. (Complaint, p. 3.) Instead, Plaintiff's complaint consists of conclusory allegations that are not actionable. Accordingly, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915A, I recommend the Court dismiss Plaintiff's complaint. Plaintiff also filed a motion to proceed in forma pauperis. (Motion, ECF No. 2.) Because I have concluded that Plaintiff has not asserted an actionable claim and because Plaintiff has not filed a certified copy of his trust account at the jail as required by 28 U.S.C. § 1915(a)(2), I deny Plaintiff's motion.

## **NOTICE**

Any objections to the order on the motion to proceed in forma pauperis shall be filed in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of December, 2021.