UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IYASSU SMALL,                           )<br>                                                        )<br>         Plaintiff                           )<br>v.                                                   )         2:21-cv-00333-JDL<br>                                                        )<br>MAINE COMMITTEE ON JUDICIAL )<br>RESPONSIBILITY DISABILITY,      )<br>et al.,                                           )<br>                                                        )<br>         Defendants                      ) | |

**RECOMMENDED DECISION**

On November 24, 2021, Plaintiff filed a complaint and a motion to proceed without prepayment of the filing fee. (Complaint, ECF No. 1; Motion, ECF No. 2.) On December 3, 2021, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, I recommended the Court dismiss the matter. (Recommended Decision, ECF No. 3.) Because I concluded Plaintiff had not alleged an actionable claim and because Plaintiff did not file a certified copy of his trust account as required by 28 U.S.C. § 1915(a)(2), I denied Plaintiff's motion to proceed without prepayment of the filing fee. (*Id.*)

On January 11, 2022, Plaintiff filed a Notice of Appeal with the First Circuit Court of Appeals (Notice, ECF No. 6.) On March 30, 2022, the First Circuit determined that because Plaintiff "is no longer incarcerated … this case is no longer proceeding under the Prison Litigation Reform Act." *Small v. Me. Comm. On Jud. Resp. Disability,* No. 22-1045 (1st Cir. March 30, 2022). The First Circuit subsequently dismissed the appeal.

Because the First Circuit determined that the matter is no longer governed by the Prisoner Litigation Reform Act, the Court decided to revisit the Recommended Decision, which issued following a review pursuant to 28 U.S.C. § 1915A. Rather than rely on its prior review, the Court informed Plaintiff that the Court was prepared to consider the substantive filing (Attachment, ECF No. 5) Plaintiff made after the recommended decision as an amendment to the complaint. (Order, ECF No. 13.) Because Plaintiff had not paid the filing fee and because his prior attempt to proceed without prepayment of the filing fee had been denied, the Court ordered Plaintiff, if he intended to proceed on his claim, to pay the $402 filing fee or file a completed Application to Proceed Without Prepayment of Fees on or before August 4, 2022. (*Id*.) The Court also informed Plaintiff that failure to comply with the Order, could result in dismissal of the matter. (*Id*.) The Clerk forwarded a form application to Plaintiff.[1]

To date, Plaintiff has not paid the filing fee or filed an application to proceed without prepayment of the fee. The docket reflects that two Court Orders, including the order directing Plaintiff to pay the filing fee or file a completed application, were returned to the Court on July 25, 2022, marked "undeliverable" with the following explanations: "Attempt Not Known-Unable to Forward" (ECF No. 14), "Return to Sender-Insufficient Address-

---

[1] In the order, the Court directed the Clerk to forward the application to Plaintiff at the addresses listed for Plaintiff on the First Circuit's docket. (*Id*. at 2.)

2

Unable to Forward" (ECF No. 15), and "Attempted, Not Known. Unable to Forward" (ECF No. 16.)

Because Plaintiff has not addressed the filing fee and has not otherwise communicated with the Court in response to the Court's order and because he has not kept the Court apprised of his address, I recommend the Court dismiss the matter.

## DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)).  Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders.  Here, Plaintiff has failed to comply with the Court's July 14, 2022, Order that required Plaintiff pay the filing fee or file an application to proceed without prepayment of fees.

Furthermore, Plaintiff has not apprised the court of his current address or contact information.  Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*,

No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication.")

Given Plaintiff's failure to comply with the Court's orders, his failure to pay the filing fee or to obtain leave to proceed without prepayment of the filing fee, and his failure to inform the Court of his current contact information, Plaintiff has failed to comply with the Court's order and has otherwise failed to prosecute his claim. Accordingly, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the matter. I withdraw the Recommended Decision issued on December 3, 2021 (ECF No. 3).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of August, 2022.

4